George B. Parsons, J.
This argument and hearing has been instituted pursuant to a motion or demand by Joseph Haney, attorney for the defendant, that depositions be filed with the Clerk of the court, which were alleged to have been taken at the time the information was laid in this matter upon which William H. Benedict, Justice of the Peace of the Town of Ontario, based on a warrant which he issued. The attorney for the defendant claimed that these depositions were taken before Judge Benedict as Justice of the Peace and were depositions in support of the proceedings and should have been filed under section 221 of the Code of Criminal Procedure.
The District Attorney, Mr. Roger Davis, on the other hand, argued that he had in his possession certain papers that had been sent to him by Judge Benedict through Trooper D. J. LeRoy, but the District Attorney contended that these were statements of a confidential nature made by witnesses and were not for public file and were not depositions. The only way in which the court could determine this motion upon the conflicting question of whether these were depositions that should be filed under section 221 of the Code of Criminal Procedure, was to obtain the papers for the court’s own personal perusal, which the District Attorney made available. These have been impounded by the court until this decision could be made. It was also necessary to bring before the court, Justice Benedict, who issued the warrant and Trooper D. J. LeRoy, who laid the information on which the warrant was issued. Extensive questioning was made to Judge Benedict and to Trooper LeRoy by both the District Attorney and the attorney for the defense as well as the court. Judge Benedict, in his evidence left no doubt in the court’s mind that he considered these statements, which were taken and sworn to before him, were depositions made by witnesses who were present at the time the alleged crime was committed. He further testified that he considered the information laid and the warrant issued based upon these depositions. The District Attorney raised a question as to Judge Benedict actually not reading all of the statements and *313 all of the depositions in issuing the warrant. But it must be remembered that Judge Benedict is not a lawyer and was acting in the best of good faith as to how this proceeding was handled. Furthermore, Judge Benedict testified that he knew what these depositions were taken for, and that they were sworn to before him for the purpose and as a part of the proceeding. He further stated that, even now, he considered them to be depositions and that if they were now in his possession he would file them with the Clerk of the court under section 221, which filing he did not know that he was responsible to do under the law at the time he took the depositions. Judge Benedict testified that he gave the depositions to the Trooper believing that this was a way to see they were to be properly filed according to law. Instead of that, they were given to the District Attorney and remained with the District Attorney until turned over to the court by the District Attorney.
The information signed by Trooper LeRoy before Justice Benedict stated in it that the information was made upon information and belief from the investigation of Trooper LeRoy as a police officer and from the statements of witnesses. The fact that Trooper LeRoy stated that he was referring to oral statements is probably true, but still does not alter the fact that the particular statements in question here were taken at the time and place when the information was laid, and may have been oral originally but were then and there reduced to writing before the Justice of the Peace, and as such became depositions on the face of the papers themselves; upon the wording of the information; and upon all the strong testimony of Judge Benedict.
The court rules that the papers in question are depositions and were depositions when taken before the Justice; and were considered by him as such in the proceedings from which he issued the warrant.
The court wishes to state that no doubt this occurrence was due to a general misunderstanding all-around. The Justice felt that he was complying with the law. The trooper was of the opinion that the place for him to take these instruments was the District Attorney’s office, and the District Attorney assumed that since they came to him they were not depositions and that the Justice had taken care of his filing under section 221 of the Code of Criminal Procedure. Testimony shows that this was not the case, and therefore, this court must correct the situation and see that the law is properly complied with. Therefore, the statements of Sears Blair, his wife, his brother, his brother’s wife and Joseph Ronga, on November 2, 1958, *314 sworn to before William H. Benedict, Justice of the Peace, are determined to be depositions under section 221 of the Code of Criminal Procedure and must now be filed by the Clerk of the court in the proper place of filing as depositions made in support of the information.
The court wishes further to state that, in his opinion, Judge Benedict, Trooper LeRoy and District Attorney Davis, acted in good faith, but that due to circumstances, this situation occurred. This does not alter the facts as determined, and therefore, the court must rectify the situation and order compliance.
Submit order accordingly.